IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| LOUISE JOHNS DYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-288 |
| | ) | |
| TRACTOR SUPPLY COMPANY; | ) | |
| JOHN/JANE DOES 1-5; and | ) | |
| RICHARD ROE CORPORATIONS 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Before the Court is Defendant Tractor Supply Company's Affidavit, setting forth the costs associated with their successful motion to compel.  (Doc. no. 34.)  Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  However, fees are not to be awarded if the movant filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's failure to provide the discovery was substantially justified, or other circumstances make an award of expenses unjust.  Id.

Here, counsel for Defendant attempted in good faith to obtain the discovery at issue without resorting to judicial intervention.  (See doc. no. 32, pp. 2-4.)  Moreover, for the reasons set forth in the Court's June 3rd Order granting Defendant's motion to compel, Plaintiff's failure to provide the discovery at issue was not "substantially justified." (See doc. no. 33.)  Nor are there any other circumstances that would make an award of expenses unjust.  Indeed, Plaintiff did not object to any of Defendant's discovery requests, the motion to compel, and has not responded to the Court's

Order directing it to respond to the request for fees.  Accordingly, the Court finds that an award of expenses under Rule 37(a)(5)(A) is appropriate.

In considering a request for legal fees, the Court must determine whether the hourly rate charged by counsel is reasonable and whether counsel exercised proper billing judgment by only billing for hours reasonably expended.  Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  "The goal of the analysis is to replicate the rates that would prevail in the legal marketplace."  Columbus Mills. Inc. v. Freeland, 918 F.2d 1575, 1580 (11th Cir. 1990).   In making this determination, the "going rate" in the community is the most critical factor in setting the fee rate.  Martin v. Univ. of South Ala., 911 F.2d 604, 610 (11th Cir. 1990).  In addition, the Court may consult its own experience.  Norman, 836 F.2d at 1303.

Upon review, the Court finds that the hourly rate and billing hours submitted by counsel for Defendant are reasonable.  Well within reason are the 5.6 hours spent by defense counsel drafting the motion and preparing the instant request.  The billable rate of $245.00 and $195 per hour is also reasonable for the Augusta legal market.

Therefore, the Court **GRANTS** Defendant's request for expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A) for the full amount requested, $1,142.00.  (Doc. no. 34.)  Plaintiff's counsel shall have fifteen days from the date of this Order to pay the awarded expenses of $1,142.00.  If Plaintiff's counsel fails to pay the award by this deadline, Defendant shall notify the Court within seven (7) days after the deadline has passed, and the Court may exercise its power under Fed. R. Civ. P. 37 to impose further sanctions.

SO ORDERED this 30th day of June, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2