**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

OCT 21 2026

FILED

| | | |
|---|---|---|
| LOUISE JOHNS DYE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 125-288 |
| | * | |
| TRACTOR SUPPLY COMPANY; JOHN/JANE DOES 1-5; and RICHARD ROE CORPORATIONS 1-5, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court is Defendant Tractor Supply Company's ("TSC") Motion to Dismiss Pursuant to Rule 37 and 41, or in the Alternative, Extend All Remaining Deadlines for 90 Days. (Doc. 45.) For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART.** The Court **DENIES** Defendant TSC's motion to dismiss this case as a sanction for failing to comply with a Court order. (Doc. 45-1.) The Court **GRANTS** Defendant TSC's request to extend all remaining deadlines. (Doc. 45-2.)

## I. BACKGROUND

The discovery issues in this case are myriad. The Court first entered a scheduling order on February 17, 2026. (Doc. 25.) Two days later, on February 19, 2026, Defendant TSC filed a motion to compel Plaintiff's initial disclosures. (Doc. 26.) The Court

held a telephonic status conference on February 26, 2026, at which time the Court noted the initial responses had been served, and directed the parties to confer in good faith regarding any alleged deficiencies. (Doc. 28.) The Court held a follow up telephonic status conference on March 5, 2026, at which Plaintiff's counsel did not appear. (Doc. 30.) Defendant TSC ultimately withdrew its motion to compel Plaintiff's initial disclosures. (Doc. 31.)

On May 13, 2026, Defendant TSC filed a motion to compel discovery responses (doc. 32), to which Plaintiff failed to respond and which the Court ultimately granted along with associated fees (docs. 33, 35). Because Plaintiff failed to pay the assessed fees, the Court directed the parties to appear at a hearing on July 31, 2026.[1] (Doc. 37.) At the hearing, although the Court learned the fees had been paid, there appeared to be outstanding discovery issues. (See docs. 38, 39, 40.) Specifically, there appeared to be a dispute as to whether Plaintiff had served the discovery responses. (Id.)

However, Plaintiff's counsel explained his firm had been a victim of a ransomware attack and, as a result, they had experienced difficulties complying with their obligations in federal court. Plaintiff's attorney expressed his belief payment

[1] Defendant TSC's counsel was dismissed from the hearing because he was not admitted to practice in the Southern District of Georgia. (Doc. 39.)

either had or would be made with regard to the fees, and discovery had been served on June 12, 2026. (Doc. 40.) Upon consideration of this explanation, the Court declined to wade further into the discovery issues and instead directed the parties to engage in good faith attempts to resolve any discovery issues before returning to the Court. (Id. at 2.)

Defendant TSC has now filed the instant motion to dismiss or amend deadlines. (Doc. 45.) Defendant TSC argues Plaintiff misrepresented she had served discovery on June 12, 2026; discovery was instead served on August 4, 2026; Defendant TSC has attempted to "resolve the obvious issue of candor," but has been unable to do so; and the discovery responses were untimely and deficient. (Id. at 4-5.) Specifically, Defendant TSC notes, among other issues, Plaintiff's medical providers were identified only by phonetic or unconfirmed names and accompanied by a promise to supplement. (Id. at 5.) Although Plaintiff served supplemental responses on September 2, 2026, Defendant TSC did not have sufficient time to file third-party requests for medical records, review those records, and engage expert witnesses prior to the September 18, 2026 deadline. (Id. at 6-7.)

Plaintiff responded in opposition to Defendant TSC's motion. (Doc. 46.) Plaintiff's counsel acknowledged he was incorrect in stating discovery had been served on June 12, 2026. (Id. at 5.) Instead, counsel admits discovery was served for the first time on

August 4, 2026. (Id.) Plaintiff's counsel states he did not intend to mislead the Court and the stated June 12th service date was based on a good faith understanding of his firm's electronic case file at the time of the hearing. (Id. at 10.) Finally, Plaintiff argues she has not violated any order entered by this Court, but has instead shown a history of compliance when faced with Court directives. (Id. at 6-7.)

**II. MOTION TO DISMISS**

Federal Rule of Civil Procedure 37(b)(2) authorizes courts to impose sanctions, including dismissal, "[i]f a party ... fails to obey an order to provide or permit discovery." Dismissal should only be imposed as a Rule 37 sanction "when less drastic sanctions would not ensure compliance with the court's orders." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). In addition, dismissal is only appropriate "when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Furthermore, "[d]ismissal with prejudice is the most severe Rule 37 sanction and is not favored." Id.; see also Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986) ("The decision to dismiss a claim ... ought to be a last resort - ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.").

Although the discovery errors in this case are substantial, the Court cannot conclude Plaintiff has been willful or acted in bad faith sufficient to dismiss her case. Plaintiff's counsel appeared at the July 31, 2026 Hearing and explained his firm had been the victim of a ransomware attack which had significantly limited the firm's ability to respond to opposing counsel as well as court orders. (See doc. 46, at 8-9; doc. 45-6.) He explained he was also experiencing staffing limitations which compounded the problems the ransomware attack caused. (See doc. 46, at 8-9.) The Magistrate Judge found those explanations compelling and declined to impose further sanctions for discovery violations. (See id.; see also doc. 45-1, at 6-7 ("[t]he reason you give is quite compelling that y'all had a significant hacking event").)

While the Court is troubled by the in-Court assertion discovery responses had been served when they had not, the Court credits Plaintiff's statement that the June 12th service date was based on a good faith understanding of the firm's electronic case file at the time of the hearing. (Doc. 46, at 10.) Likewise, the Court notes Plaintiff has served discovery, albeit belatedly, and then supplemented that discovery when Defendant TSC identified deficiencies. Moreover, Plaintiff has complied with the Court's orders as entered and has not yet been warned that failure to comply with them would result in dismissal. (See doc. 40); compare Coates v. Lyft, Inc., No. 24-11141, 2025 WL 1683207, *3 (11th Cir.

June 16, 2025 (finding district court gave numerous extensions, two chances to supplement interrogatory responses, and warned about dismissal before dismissing as a discovery violation) with Glozik Holdings LLC v. Westchester Surplus Lines Ins. Co., Case No. 2:24-cv-963-SPC-NPM, 2026 WL 194199, *2 (M.D. Fla. Jan. 26, 2026) (declining to dismiss with prejudice because there was "no record of Plaintiff deliberately defying multiple orders from the Court.") Finally, any prejudice Defendant TSC suffered from late discovery responses may yet be cured by extending the discovery deadlines, as the Court does below. Under these circumstances, dismissal is not appropriate as a sanction. Accordingly, the Court **DENIES** Defendant TSC's Motion to Dismiss. (Doc. 45-1.)

## III. MOTION TO EXTEND DEADLINES

Having considered Defendant TSC's alternative request to extend deadlines (doc. 45-2), to which Plaintiff consents (doc. 46, at 16), the Court **GRANTS** the motion. The revised schedule is as follows:

| | |
|---|---|
| LAST DAY TO FURNISH EXPERT WITNESS REPORT BY A DEFENDANT | December 17, 2026 |
| CLOSE OF DISCOVERY | February 4, 2027 |
| JOINT STATUS REPORT | February 4, 2027 |
| LAST DAY FOR FILING CIVIL MOTIONS INCLUDING DAUBERT MOTIONS, but EXCLUDING MOTIONS IN LIMINE | March 8, 2027 |

All provisions of the prior Scheduling Order not revised herein shall remain in full force and effect.

## IV. CONCLUSION

For the foregoing reasons, Defendant TSC's Motion to Dismiss Pursuant to Rule 37 and 41, or in the Alternative, Extend All Remaining Deadlines for 90 Days is **GRANTED IN PART** and **DENIED IN PART.** The Court **DENIES** Defendant TSC's motion to dismiss this case as a sanction for failing to comply with a Court order. (Doc. 45-1.) The Court **GRANTS** Defendant TSC's request to extend all remaining deadlines. (Doc. 45-2.)

**ORDER ENTERED** at Augusta, Georgia, this 21st day of October, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA